a prudent, cautious, and careful man would exert in his own affairs, and in the like case; and that the plaintiffs themselves had, for several years before the claim was set up by them in this case, tolerated and accepted of the said Forrest without complaint, a discharge of his duty as teller, with no other or higher kind or degree of care than as aforesaid; then it is competent for the jury to presume that the said Forrest and his sureties from any other or higher kind and degree of care than as aforesaid; and in such case the plaintiffs are not entitled to recover in this action, any loss, as for the want of care of the said Forrest; unless they prove to the satisfaction of the jury that he failed in the instance complained of, in such reasonable and proper care as a prudent, cautious, and careful man would have exerted, or should be presumed to exert, in the like case."

But THE COURT (nem. con.) refused the instruction, because the evidence, as they thought, did not warrant the jury in inferring such usage, or such toleration; and because such usage, if proved in regard to banks who have not taken security against damage sustained by "want of care" of the teller, would not control the express stipulation to indemnify a bank for such damage, and because the instruction prayed would throw the burden of proof of negligence upon the plaintiffs, the bank, after they had shown that he had received money which he had not accounted for.

Verdict for the defendants; motion for new trial overruled; judgment for the defendants.

## Case No. 14,357.
### UNION BANK OF GEORGETOWN v. GEARY.

[See Case No. 5,241a.]

## Case No. 14,358.
### UNION BANK OF GEORGETOWN v. GOZLER.

[2 Cranch, C. C. 349.] [1]

Circuit Court, District of Columbia. Oct. Term, 1822.

#### USURY—BANK DISCOUNT.

It is not usury in a bank to take the discount for sixty-four days, upon a sixty-day note.

[See Bank of Alexandria v. Mandeville, Case No. 850.]

Assumpsit upon the joint and several note of the defendant and two others, with a memorandum to credit the first drawer, who was Vincent King. The defence was usury in taking sixty-four days' discount upon a sixty-day note.

Mr. Key, for plaintiff.

Mr. Jones, for defendant.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (THRUSTON, Circuit Judge, absent) decided without argument, that it was not usury to take by way of discount, interest for sixty-four days on the amount of the note; the point having been before decided both here and in Alexandria. See Bank of Alexandria v. Mandeville (at Alexandria, July, 1809) [Case No. 850]; Bank of Washington v. Eliot (unreported).

## Case No. 14,359.
### UNION BANK OF GEORGETOWN v. MACKALL.

[2 Cranch, C. C. 695.] [1]

Circuit Court, District of Columbia. May Term, 1826.

#### MASTER AND SERVANT—ACTION UPON BANK TELLER'S BOND—RECEIVING INVALID CHECK—AGREEMENT.

1. If the teller of a bank, according to the usage of banks, and of the plaintiffs' bank, receive as cash, the check of an individual of good credit upon another bank, in which it afterwards appeared that he had no funds, it is not necessary for his justification, that he should further show that it was done at the risk and responsibility, and by the authority of his bank, and not at his own risk; and if in taking such a check he did only what was usual in the ordinary course of the trade and business of banking, and the usage of banks in like circumstances, his so taking it was not a breach of the condition of his official bond, "to make good to the bank all damages which it should sustain through his unfaithfulness or want of care."

2. If the teller of a bank, after receiving, as cash, an invalid check upon another bank, consents to take it as his own, and look to the drawer of the check for payment of it, he cannot afterwards, without the consent of his bank, return the check and throw it upon them.

3. If the plaintiffs' teller, according to the usage of banks, has received, as cash, a check of an individual of good credit, upon another bank, and the check is not paid, and he agrees to take the debt upon himself, yet the plaintiffs cannot recover the amount in an action upon his official bond, the only breach assigned being the receipt of the check as cash.

Debt upon the official bond of [Leonard Mackall] the teller of the Union Bank of Georgetown, the condition of which was, that "he should faithfully perform all the duties assigned to him in said bank, and make good to the said bank all damages which the same shall sustain through his unfaithfulness or want of care." The only breach assigned was, that the defendant, as teller of the bank, received C. P. Beeding's check on the Bank of Columbia, for $405, which was not paid. The defence was, that Beeding was, at the time, in good credit, and that it was the usage of the banks in this District, and of the plaintiffs' own bank, to receive, as cash, the checks of individuals of good credit, upon other banks. Evidence was offered by the defendant, of such usage. And the plaintiffs offered evidence that the defendant had obtained an attachment in

---

[1] [Reported by Hon. William Cranch, Chief Judge.]